UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. **14-20531-CR-ALTONAGA**

18 U.S.C. § 1029(b)(2)
18 U.S.C. § 1029(a)(3)
18 U.S.C. § 1028A(a)(1)
18 U.S.C. § 2
18 U.S.C. § 982(a)(2)(B)
18 U.S.C. § 1029(c)(1)(C)

MAGISTRATE JUDGE
O'SULLIVAN

UNITED STATES OF AMERICA

v.

KENOL AUGUSTIN and
TAWANA COLE,

Defendants.
_____/

## INDICTMENT

The Grand Jury charges that:

**COUNT 1**
**Conspiracy to Possess Fifteen or More Unauthorized Access Devices**
**(18 U.S.C. § 1029(b)(2))**

1. From in or around December 2011, continuing through in or around August 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendants,

**KENOL AUGUSTIN and
TAWANA COLE,**

did knowingly and willfully combine, conspire, confederate, and agree with each other, Moshi Barnard, and others known and unknown to the Grand Jury, to commit violations of Title 18, United States Code, Section 1029, that is, to knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, Social Security numbers of other persons, said conduct affecting interstate and foreign commerce, in violation of Title 18, United

States Code, Section 1029(a)(3).

## PURPOSE OF THE CONSPIRACY

2. It was the purpose of the conspiracy for the defendants and their co-conspirators to unjustly enrich themselves by stealing individuals' personal identity information for the purpose of committing fraud.

## ACTS IN FURTHERANCE OF THE CONSPIRACY

In furtherance of the conspiracy and to achieve the object and purpose thereof, at least one of the co-conspirators committed and caused to be committed, in the Southern District of Florida, and elsewhere, at least one of the following acts, among others:

1. In or around January 2012, **TAWANA COLE** searched her employer's database and accessed the names and Social Security numbers (personal identity information or "PII") of individual medical patients.

2. In or around January 2012, **TAWANA COLE** provided Moshi Barnard a document with a list of individuals' PII in exchange for a cash payment made by **KENOL AUGUSTIN**.

3. In or around January 2012, **KENOL AUGUSTIN** supplied Moshi Barnard with an additional set of individuals' PII, and **AUGUSTIN** agreed to pay Moshi Barnard $150 for each false and fraudulent Turbo-Tax account she created based on these individuals' PII and the PII provided by **COLE**.

4. In or around January 2012, **KENOL AUGUSTIN** caused false and fraudulent tax returns seeking refunds to be filed with the Internal Revenue Service using PII provided by **TAWANA COLE**.

All in violation of Title 18, United States Code, Section 1029(b)(2).

## COUNT 2
### Access Device Fraud
### (18 U.S.C. §1029(a)(3))

In or around January 2012, in Miami-Dade County, in the Southern District of Florida, the defendants,

**KENOL AUGUSTIN and
TAWANA COLE,**

did knowingly, and with intent to defraud, possess fifteen (15) or more unauthorized access devices, that is, social security numbers, said conduct affecting interstate and foreign commerce, in violation of Title 18, United States Code, Sections 1029(a)(3) and 2.

## COUNTS 3-8
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

In or around January 2012, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**TAWANA COLE,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(b)(2), that is, conspiring to possess fifteen (15) or more unauthorized access devices, as charged in Count 1, did knowingly transfer, possess, and use, without lawful authority, the means of identification of other persons, that is, names and Social Security numbers, as specified in each Count below:

3

| Count | Means of Identification |
|---|---|
| 3 | Name and Social Security Number of "D.L." |
| 4 | Name and Social Security Number of "N.R." |
| 5 | Name and Social Security Number of "F.V." |
| 6 | Name and Social Security Number of "M.G." |
| 7 | Name and Social Security Number of "H.B." |
| 8 | Name and Social Security Number of "J.L." |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

## COUNTS 9-14
### Aggravated Identity Theft
### (18 U.S.C. § 1028A(a)(1))

On or about the dates enumerated as to each count below, in Miami-Dade County, in the Southern District of Florida, and elsewhere, the defendant,

**KENOL AUGUSTIN,**

during and in relation to a felony violation of Title 18, United States Code, Section 1029(b)(2), that is, conspiring to possess fifteen (15) or more unauthorized access devices, as charged in Count 1, did knowingly transfer, possess, and use, without lawful authority, the means of identification of other persons, that is, names and Social Security numbers, as specified in each Count below:

| Count | Approximate Date | Means of Identification |
|---|---|---|
| 9 | 01/20/2012 | Name and Social Security Number of "D.L." |
| 10 | 01/22/2012 | Name and Social Security Number of "N.R." |
| 11 | 01/22/2012 | Name and Social Security Number of "F.V." |
| 12 | 01/22/2012 | Name and Social Security Number of "M.G." |
| 13 | 01/22/2012 | Name and Social Security Number of "H.B." |
| 14 | 01/20/2012 | Name and Social Security Number of "J.L." |

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

4

## FORFEITURE
**(18 U.S.C. § 982(a)(2)(B))**
**(18 U.S.C. § 1029(c)(1)(C))**

1. The allegations in Counts 1 and 2 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of certain property in which the defendants have an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1029, as charged in Counts 1 and 2 of this Indictment, the defendants, **KENOL AUGUSTIN** and **TAWANA COLE**, shall forfeit to the United States (i) any property constituting or derived from any proceeds that the defendants obtained, directly or indirectly, as the result of such violation, pursuant to Title 18, United States Code, Section 982(a)(2)(B); and (ii) any personal property that such defendant used or intended to be used to commit the offense, pursuant to Title 18, United States Code, Section 1029(c)(1)(C).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b)(1), 1029(c)(1)(C) and 1029(c)(2), and the procedures set forth at Title 21, United States Code, Section 853.

A TRUE BILL

_____
FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
JAMES V. HAYES
ASSISTANT UNITED STATES ATTORNEY

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

KENOL AUGUSTIN et al.,

**Defendants.**
_____ /

CASE NO. _____

## CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division**: (Select One)

- **x** Miami ___ Key West
- ___ FTL ___ WPB ___ FTP

New Defendant(s)     Yes ___  No ___
Number of New Defendants ___
Total number of counts ___

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     **No**
   List language and/or dialect _____

4. This case will take   **4**   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

   (Check only one)

   | | | |
   |---|---|---|
   | I | 0 to 5 days | **x** |
   | II | 6 to 10 days | |
   | III | 11 to 20 days | |
   | IV | 21 to 60 days | |
   | V | 61 days and over | |

   (Check only one)

   | | |
   |---|---|
   | Petty | |
   | Minor | |
   | Misdem. | |
   | Felony | **X** |

6. Has this case been previously filed in this District Court?  (Yes or No)   **No**
   If yes:
   Judge: _____   Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?  (Yes or No)   **No**
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers:   **13-CR-20684 (COOKE)**
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____ District of _____

   Is this a potential death penalty case? (Yes or No)   **No**

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?   ___ Yes   **x** No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?   ___ Yes   **x** No

_____
James V. Hayes
ASSISTANT UNITED STATES ATTORNEY

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>**KENOL AUGUSTIN**</u>

**Case No**: _____

Count #: 1

<u>Conspiracy to Possess Fifteen (15) or more Access Devices</u>

<u>Title 18, United States Code, Section 1029(b)(2)</u>

**\*Max. Penalty:**     <u>Five (5) Years' Imprisonment</u>

Count #: 2

<u>Access Device Fraud</u>

<u>Title 18, United States Code, Section 1029(a)(3)</u>

**\*Max. Penalty:**     <u>Ten (10) Years' Imprisonment</u>

Counts #: 3-8

<u>Aggravated Identity Theft</u>

<u>Title 18, United States Code, Section 1028A(a)(1)</u>

**\*Max. Penalty:**     <u>Two (2) Years' Imprisonment (Consecutive to Any Other Sentence)</u>

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:** <u>TAWANA COLE</u>

**Case No:** _____

Count #: 1

<u>Conspiracy to Possess Fifteen (15) or more Access Devices</u>

<u>Title 18, United States Code, Section 1029(b)(2)</u>

**\*Max. Penalty:**     Five (5) Years' Imprisonment

Count #: 2

<u>Access Device Fraud</u>

<u>Title 18, United States Code, Section 1029(a)(3)</u>

**\*Max. Penalty:**     Ten (10) Years' Imprisonment

Counts #: 9-14

<u>Aggravated Identity Theft</u>

<u>Title 18, United States Code, Section 1028A(a)(1)</u>

**\*Max. Penalty:**     Two (2) Years' Imprisonment (Consecutive to Any Other Sentence)

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms, or forfeitures that may be applicable.**